PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAGGAE JO JACKSON, | ) | |
| | ) | CASE NO. 4:16CV0029 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ROBERT HERRON, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 2] |

*Pro Se* Plaintiff Maggae Jo Jackson filed this action against Prosecuting Attorney Robert Herron. In the Complaint (ECF No. 1), Plaintiff alleges the prosecutor is not doing enough to resolve her case. ECF No. 1 at PageID #: 1. She does not specify the relief she seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

### I. Background

Plaintiff indicates George Johnson drugged and married her on the same day. ECF No. 1 at PageID #: 2. She states Johnson raped her. ECF No. 1 at PageID #: 3. Plaintiff also indicates she had a medical emergency and believes her son's DNA test was switched. She states she wants that resolved. Plaintiff also mentions that a young boy and his mother were shot three years ago in Salem, Ohio. The mother died but the boy recovered. She contends the authorities have not been able to identify the perpetrator of that crime. Plaintiff contends Defendant was the prosecutor when all of the crimes occurred, and she questions why he has not done more to

(4:16CV0029)

determine the identity of the shooter and obtain criminal convictions of that individual and Johnson. ECF No. 1 at PageID #: 2. She states she and the family of the young boy need closure. ECF No. 1 at PageID #: 1.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). See also Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all

2

(4:16CV0029)

the allegations in the complaint are true." *Id.* (citation omitted).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.  Law and Analysis

Plaintiff does not assert any legal claims in her Complaint (ECF No. 1) and none are apparent on the face of the pleading.  Principles requiring generous construction of *pro se* pleadings are not without limits.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  The complaint must give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown

3

(4:16CV0029)

claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require [the] courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Moreover, Plaintiff's failure to identify a particular legal theory in her Complaint (ECF No. 1) places an unfair burden on Defendant to speculate on the potential claims that Plaintiff may be raising against him and the defenses he might assert in response to each of these possible causes of action. See *Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint (ECF No. 1) does not sufficiently identify the legal claims Plaintiff intends to assert, and it fails to meet the basic notice pleading requirements of Fed. R. Civ. P. 8.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| February 29, 2016 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |